[Civ. No. 2680.    Second Appellate District, Division One.—February 20, 1920.]

EILERS MUSIC COMPANY (a Corporation), Appellant, v. J. J. MATHE et al., Respondents.

[1] CLAIM AND DELIVERY — WANT OF CONSIDERATION — PLEADING — PROOF.—Where the complaint in an action to recover possession of personal property is in the usual form, and does not refer to any bills of sale executed by the defendants or warn the defendants that such bills of sale are relied on as a part of plaintiff's cause of action, but such bills of sale are introduced by the plaintiff in establishing proof of its title and right of possession, the defendants, under their specific denial of the allegations of plaintiff's complaint, are entitled to prove that the execution of such bills of sale was procured without any consideration therefor.

APPEAL from a judgment of the Superior Court of Los Angeles County.    Wm. D. Dehy, Judge.    Affirmed.

The facts are stated in the opinion of the court.

Frank Bryant for Appellant.

Bertin A. Weyl and Clarence E. Fleming for Respondents.

CONREY, P. J.—Action to recover possession of personal property alleged to be unlawfully withheld from plaintiff by the defendants.    Judgment in favor of defendants, from which the plaintiff appeals.

We first call attention to two statements in the brief for appellant which should not have been made, as they are wholly unjustified by the record.    These statements are: That the defendant Mathe by his answer pleaded a general denial as his only defense, and that the findings are insufficient to support the judgment because they consist wholly of conclusions of law and make no finding of fact.    There is thus imposed upon the court a useless labor whereby it is ascertained that the complaint is in the usual form of actions of this class; that the defendant filed a verified answer specifically denying in due form each and every allegation of the complaint; and that the findings of fact respond in detail to every issue raised by the pleadings.

The only other points suggested in support of the appeal are: That the findings are "wholly unsupported by the proofs"; that the court erred in admitting evidence tending to show failure of consideration for the execution of two bills of sale, and that the court erred in admitting evidence of another transaction between the parties not referred to in the pleadings.

Under the claim that the findings are unsupported by the evidence, no specification is made of any particular in which the evidence is insufficient to support any fact found.    The evidence to which our attention has been directed in the briefs for appellant is manifestly incomplete in that on its face it shows that important parts of the evidence are omitted.    We conclude that the evidence is sufficient in every particular.

[1]   Taken together the two bills of sale included the property of which plaintiff sued to recover possession.   They were executed by defendant J. J. Mathe on January 26, 1916, and purported to transfer the property to F. W. Schubert.   Indorsed on each document there was an assignment by Schubert, dated January 29, 1916, transferring to plaintiff all of his interest in the property described in the bills.   They were introduced in evidence by the plaintiff to aid in establishing proof of plaintiff's title and right of possession.   Schubert was an employee of the plaintiff.   The evidence introduced by defendants which appellant claims was erroneously received was offered for the purpose of proving that the bills of sale were really obtained by Schubert on behalf of the plaintiff and that their execution was procured without any consideration therefor.   Appellant contends that this evidence should have been rejected, for the reason that defendants' answer did not set out the facts showing a failure of consideration for said bills of sale. The authorities cited are decisions in cases where the plaintiff's cause of action was founded upon a written instrument the execution whereof was alleged by the plaintiff. In such cases it was held that it was the duty of the defendant to plead want of consideration if he desired to make that defense.   But in the case at bar the complaint did not refer to any bills of sale and did not warn the defendants that such bills of sale were relied upon as a part of the plaintiff's cause of action.   It is clear that under such circumstances, and where the defendants were not called upon to give attention to the bills of sale until they were offered in evidence, the defendants had neither the opportunity nor the duty to defend against them, except as items of evidence offered by the plaintiff in support of the ultimate facts pleaded in its complaint.

The evidence of "another transaction," referred to in the last point suggested by appellant, was evidence connected with said bills of sale and was a part of the evidence appropriately offered for the purpose of showing that they were executed without consideration.   We find no error in the ruling of the court thereon.

The judgment is affirmed.

Shaw, J., and James, J., concurred.